## No. 7583.

MRS. M. E. FERRIÈRE ET AL. VS. THE CITY OF NEW ORLEANS.

In a suit to recover title or ownership to a batture or accretion formed in front of lands situated on the Mississippi river, the plaintiff must recover on the strength of his own title and not on the weakness of his adversary's.

In sales of lots in the City of New Orleans fronting on the levee or river, if there exists a batture outside of the levee, susceptible of private ownership, the presumption is that the riparian owner and vendor does not convey his rights of alluvion, accretion or batture, un'ess the same be specially mentioned and described as being conveyed in the act of sale; and the heirs of a party holding the lot under a chain of titles, originating from such vendor, can lay no claim of ownership to such batture.

APPEAL from the Third District Court for the Parish of Orleans. *Renshaw*, Judge *ad hoc*.

*J. Q. A. Fellows* for Plaintiffs and Appellants.

*C. F. Buck*, City Attorney, and *Wynne Rogers* for Defendant and Appellee.

The opinion of the Court was delivered by

POCHÉ, J. Plaintiffs seek to be recognized as owners of the batture or alluvial accretion in front of a lot of ground, 60 feet front, on Tchoupitoulas street, between Poydras and Lafayette streets, in this City, and running to the Mississippi river; and they claim a moneyed judgment of thirty thousand dollars against the City, as compensation for portions of said batture used by the City in laying out streets.

They claim title under their grandfather, Gabriel Callier, who is alleged to have been the owner, at the time of his death, of said lot of ground and of the rights of batture in front of the same, alleging that in the settlement of his succession, the original lot was sold, but not the rights of batture, of which his succession and heirs have never been legally divested. They have taken this appeal from a judgment in favor of the City.

The salient point of the City's numerous defenses is, that Gabriel Callier never acquired or owned the batture or accretion which had gradually formed in front of his lot on Tchoupitoulas street, and that in the settlement of his succession, the sale of his lot fronting and ending on the *levee* and not on the river, embraced all the rights of property which he had in the premises, and that therefore plaintiffs, as his heirs, can have no title to the extensive and very valuable batture which has formed in front of the said Callier's lot.

The vexed question of title to the alluvial deposits of the Mississippi river in front of the City of New Orleans has been a fruitful source of litigation before the courts of this State, and has been the subject of

most exhaustive researches, and of most learned decisions at the hands of our distinguished predecessors in this Court.

From the jurisprudence which they have so ably established on this important subject, we have culled two rules which will guide us in the investigation of the present controversy.

1.   In batture suits, as in all petitory actions, plaintiff must recover on the strength of his own title and not on the weakness of his adversary's.   7 N. S. 624 ; 13 An. 109.

2.   That in all sales of lots in the City of New Orleans, fronting on the levee, if there exists a batture outside of the levee susceptible of private ownership, the presumption is that the riparian owner and vendor does not convey his rights of alluvion, accretion or batture, unless the same be specially mentioned and described as being conveyed in the act of sale.

Under the latter rule, if Gabriel Callier owned the batture in question at the time of his death, and if said batture was susceptible of private ownership, the rights of his succession were not divested by the sale of his succession property, and his heirs are yet the lawful owners of it.

On the other hand, if Callier's vendors, and if their vendors in purchasing from the original owners, Bertrand Gravier and wife, purchased the lot in question, having a batture in front susceptible of private ownership, without an express intention on the part of the latter to convey their rights to such alluvion or accretion, it is equally clear that they acquired no title to the batture, and that therefore no such rights were or could be transferred to Callier.

From the record the following is Callier's chain of title:

In January, 1807, he purchased from the Armands.   In 1806 the Armands purchased from Dupain.   In December, 1795, Dupain purchased from Nicolas.   In March, 1795, Nicolas bought of Magnon.   In September, 1789, Magnon purchased from Legendre, and in March, 1789, Legendre bought of Gravier and wife.

In neither of those sales is there any mention or description of the rights of batture, alluvion or accretion.

The next step of our investigation is to ascertain whether, in 1789, when Bertrand Gravier and wife sold the lot in question to Legendre, there was in front of it, outside of the levee, an alluvial accretion or batture susceptible of private ownership.

On this point the evidence leaves no doubt, and shows conclusively that at that time such a batture did exist, and has continued since to increase, and it follows therefore that this batture remained the property of Gravier, the vendor, unless it appears from the act of sale to

Legendre that the vendor intended to include the rights of accretion, either present or future, in the sale of the riparian lot.

As stated above, the sale contains no mention whatever of rights of accretion, and the intention to convey such rights must be drawn, if it existed, by inference from some other language in the act. The property is sold together with all the " rights of ingress and egress, usages, customs and servitudes pertaining thereto," and is described as "*frente a la leve de esto Rio*," referring to the Mississippi river.

Under our well settled jurisprudence such a sale cannot, under any possible construction, be held to include the rights to alluvial accretions or a batture, then existing and susceptible of private ownership.

Our courts have gone so far as to hold that the sale of a tract, forming part of a larger tract owned by the vendor, and described as fronting on the river did not convey the rights of batture already formed, if anything intervened worthy of being considered a fit subject for exclusive ownership.   Cambre vs. Kohn, 8 N. S. 572 ; 11 L. 140.

*A fortiori* will such a construction prevail when the lot sold is described as fronting on the *levee* on said river.

Our conclusion is, that in the sale of March, 1789, Gravier and wife did not intend to and, in fact, did not convey to their purchaser, Legendre, their rights to the batture which had already formed to a sufficient height to be susceptible of private ownership, in front of the lot sold to Legendre, and that the ownership of said batture was retained by the vendors.

Such being the case, the purchaser from Legendre, from Magnon, from Nicolas, from Dupain and from Armand, did not, and could not acquire any rights to said batture, for the very simple reason that no one can sell or convey that which he does not own.

We therefore hold, that Callier having never acquired the ownership of the batture in question, he could transmit no rights thereto to his heirs, and that plaintiffs have failed to make out their case.   This was the conclusion reached by the Judge *ad hoc*, who tried the case below, and who demonstrates the fallacy of plaintiffs' pretensions in an able opinion, which we fully endorse.

Entertaining these views, we pretermit all the other defenses urged by the City.

The judgment appealed from is, therefore, affirmed with costs

Rehearing refused.

Levy, J., absent.