HAHN, *Appellant*, v. DAWSON *et al.*

In Banc, June 15, 1896.

1. **Land Title**: ACCRETIONS. Accretions are imperceptible and gradual additions to the land to which they are formed.

2. ———: ———: NAVIGABLE RIVER: ISLAND. Where accretions are made to the mainland and an island in the Missouri river and by a change in the river, the two tracts are brought together, such union does not make the island an accretion to the mainland.

3. ——: ——: ——: ——. Such main shore owner on a navigable river can claim title in Missouri only to the water's edge; he has no title to the soil under the river nor to islands forming therein, whether on the one side or the other of the center line.

4. ——: ——. An accretion is not limited to the original center line of a navigable stream.

5. **Appellate Practice**: INSTRUCTION: WAIVER OF ERROR. An appellant can not complain of an instruction as erroneous where he asked it and such error was of his own making.

*Appeal from Holt Circuit Court.*—HON. C. A. ANTHONY, Judge.

AFFIRMED.

*T. C. Dungan* for appellant.

(1)   The preponderance of the evidence, considered with the physical facts in this case, is so great as to imply gross partiality, prejudice, or misconduct on the part of the jury. *Wilson v. Albert,* 89 Mo. 544, and cases cited; *Hunt v. Railroad,* 89 Mo. 608; *Deering v. Saum,* 56 Mo. 479; *Baker v. Stonebraker's Adm'rs,* 36 Mo. 345; *Powell v. Railroad,* 76 Mo. 85; *Spohn v. Railroad,* 87 Mo. 74; *Avery v. Fitzgerald,* 94 Mo. 207; *Henderson v. Railroad,* 36 Mo. App. 114; *Garrett v. Greenwell,* 92 Mo. 125. Verdicts for defendants should be, and are, governed by the same rules and principles. *Ackley v. Stachlin,* 56 Mo. 559, and cases cited by appellant therein. *Whitsett v. Ransom,* 79 Mo. 258. (2)   Defendants' first instruction was wrong, in that it assumes that plaintiff's legal title alone, and not her right to possession, was in controversy. It was misleading, in that it told the jury that plaintiff must recover, if at all, on the strength of her own title, thereby seeming to mean (and no doubt the jury so understood it), that plaintiff must show a legal paper title in order to recover any part of the land in contro-

versy.  (3)  The defendant's second instruction was
also erroneous and defective, in that it confined plain-
tiff's right to recover only such alluvion lands as were
"made, and formed onto, and against" said lot 2, "by
the deposit of sand and soil, from the washings
of the Missouri river," entirely ignoring her right
to lands created by reliction, that is, lands uncov-
ered by the receding of the river from her shore lands.
*Railroad v. Ramsey*, 13 S. W. Rep. (Ark.) 931; *Cooley
v. Golden*, 117 Mo. 33.  (4)  Plaintiff was entitled to
the land formed by accretion, to the new river bank,
and by the recession of the waters of the river, from
where it cut into lot 2, back to, and beyond, its orig-
inal bank, and the fact that a depression, or slough
might be formed, or left, on said lot 2 against, or near
said new bank, or elsewhere, or said accretion be
formed higher on some parts than on others, would
not change plaintiff's right to the accreted, or relicted,
lands.    Gould on Waters, sec. 155; *Benson v. Morrow*,
61 Mo. 353; *Naylor v. Cox*, 114 Mo. 232; *Cooley v.
Golden, supra.*  (5)  Defendant's third and fourth
instructions were wrong as they were violative of, and
ignored, the correct principle of riparian ownership—
the common law rule.   The common law is in force in
the state of Missouri, and has been since January 19,
1816, and we should apply its principles.   See chapter
98, sec. 6561, 2 R. S. of 1889; *Abbott v. Railroad*, 83
Mo. 285.  (6)  Plaintiff owned lot 2, in fee, and by
the common law, which is made the law of this state
by statute, she was entitled to all lands formed by any
process whatever, to the middle of the thread of the
the stream, subject to the right of public navigation,
secured by the acts of congress.   Gould on Waters,
secs. 69 and 77; *Butler v. Railroad*, 48 N. W. Rep.
(Mich.) 569; *Webber v. Boom Co.*, 62 Mich. 626; *Web-
ber v. Boom Co.*, 30 N. W. Rep. 469; *Fletcher v. Boom*

*Co.*, 51 Mich. 277; *Jeffries v. East Omaha L. Co.*, 134 U. S. 178; *St. Louis v. Rutz*, 138 U. S. 245; *Hardin v. Jordan*, 140 U. S. 371; *Smith v. Rochester*, 92 N. Y. 473. Courts of last resort will reverse their own rulings when they find their former decisions are unfounded in law, or plainly mischievous in their consequences, or lead to unjust results. *Chouteau v. Gibson*, 76 Mo. 50; *Marwin v. Bates*, 13 Mo. 217; *Hamilton v. Marks*, 63 Mo. 172; *Boogher v. Life Ass'n*, 75 Mo. 319; *Long v. Long*, 79 Mo. 656.

*H. T. Alkire* and *S. F. O'Fallon* for respondents.

(1) It is a well settled rule that where there is any evidence to support a verdict it will not be disturbed on the ground that it is against the weight of the evidence, unless it so preponderates against it as to show that it was the result of partiality or prejudice. *Oglebay v. Corby*, 96 Mo. 285; *Naylor v. Cox*, 114 Mo. 232; *Minton v. Steele*, 125 Mo. 181. (2) The defendants were in possession, and could rest upon that alone until the plaintiff exhibits a better title. When no better title than possession is shown he who is prior in time is prior in right. *Large v. Fisher*, 49 Mo. 307; *Foster v. Evans*, 51 Mo. 39; *Grand Road v. Renfro*, 58 Mo. 265; *Duncan v. Able*, 99 Mo. 188; *Marvin v. Elliott*, 99 Mo. 616; *Mather v. Walsh*, 107 Mo. 121. (3) Plaintiff, in her petition, alleges that she is the owner of lot 2, and that the lands in controversy "had been deposited, made, and accreted thereto by the action of the waters of Missouri river by slow and imperceptible degrees from time to time." Plaintiff nowhere pleads that said lands were formed by reliction. Instruction number 3 for plaintiff correctly defines the word "accretion." In instruction number 2 for plaintiff the court tells the jury that "if they find that the land sued for was formed by

the receding of the said Missouri river or by deposit of debris and sand against the shore line of said land, the jury will find," etc. The said instruction submitted the question of reliction as well as accretion to the jury, and no other definition or explanation of it was necessary. The plaintiff asked no instruction defining reliction. 3 Washburn on Real Property, 451; Bouvier's Law Dictionary, title, Accretion; *Benson v. Morrow*, 61 Mo. 345. (4) The court properly refused plaintiff's instructions numbered 4 and 5. The common law rule does not prevail in this state, and the doctrine of the common law as to the navigability of waters has no application to large rivers in the United States. The supreme court of this state has decided in an unbroken line of decisions that the Missouri river is navigable. *O'Fallon v. Daggett*, 4 Mo. 343; *Benson v. Morrow*, 61 Mo. 345; *Meyers v. St. Louis*, 8 Mo. App. 266; *Cooley v. Golden*, 117 Mo. 33; *McManus v. Carmichael*, 3 Iowa, 1; *People v. Canal Appraisers*, 33 N. Y. 461; *Wood v. Fowler*, 26 Kan. 682; 16 Am. and Eng. Encyclopedia of Law, 236, title, Navigable Waters, and notes and authorities cited. (5) In England the fee to the soil under the waters of navigable streams was retained in the crown, and the riparian owner only took title to the water's edge. This has become a well settled rule of property in this state and as remarked by the court in the case of *Rees v. McDaniel*, 115 Mo. 145, that "whatever the law may be in other jurisdictions, this rule has been too long adhered to and the rights of property acquired by reason of the rule too firmly fixed thereby to be at this late day departed from or overruled." *Benson v. Morrow*, 61 Mo. 345; *Lamme v. Buse*, 70 Mo. 463; *Campbell v. Gaslight Company*, 84 Mo. 352; *Buse v. Russell*, 86 Mo. 209; *St. Louis v. Lemp*, 93 Mo. 477; *Meyers v. St. Louis*, 8 Mo. App. 266; *Naylor v. Cox*, 114 Mo. 232; *Rees v. McDaniel*, 115 Mo. 145; *Cooley v.*

*Golden*, 117 Mo. 33; *Wood v. Flower*, 26 Kan. 682; *McManus v. Carmichael*, 3 Iowa, 1.

GANTT, J.—This is an action for certain lands formed in the original lines of the Missouri river opposite to lot 2 of the northwest quarter of section 20, township 59, range 38, in Holt county, Missouri, and alleged by plaintiff to be accretions to her land. The answer is an admission of possession but otherwise a general denial.

The evidence on the part of plaintiff tended to prove that the land sued for was an accretion to her land and on the part of defendants that it was an island or bar formed in the Missouri river running between it and the mainland for many years until the river finally abandoned this south channel altogether and by its recession plaintiff's land on the south bank became connected with this bar or island which defendants were occupying as squatters.

Without incumbering this opinion with a detailed statement of this evidence it is sufficient to say there was evidence tending to prove either theory.

For the plaintiff the court gave these three instructions: "1. If the jury believe, from the evidence, that the plaintiff was the owner of the said lot 2, of the northwest quarter of section 20, in township 59, of range 38, and that she held the same under the said deed, offered in evidence, from said Rhinehart Kleber and wife to her, and that the said Rhinehart Kleber, and the said Catharine Hahn, and those under whom they claim, had occupied and claimed the same openly, continuously, notoriously, for a period or ten years, or more, before the defendants entered into possession of said land, under color of title, or claim of right, then said plaintiff is the owner of same; and the court further instructs the jury that said deed, offered in evidence,

would be, and is sufficient to convey the title of Kleber and wife, to said land, and all accretions, and additions, thereto made, and formed, to the center of the main channel of the said Missouri river, and it makes no difference whether said accretions or additions were formed in sand bars, provided the same are between said shore line of said land described, as surveyed, and the center line of the Missouri river.

"2. The court instructs the jury that defendants admit that they are in possession of said lands sued for. That the said deed, offered in evidence by plaintiff, from Rhinehart Kleber and wife to said plaintiff, Catharine Hahn, dated the thirty-first day of July, A. D. 1886, for the land described therein, is sufficient to pass the title to lot 2, of the northwest quarter of section 20, in township 59, of range 38, in Holt county, Missouri, together with all lands accreted, or made thereto, to said Catharine Hahn, and if the jury find from the evidence, that the said land sued for in plaintiff's petition was formed by the receding of the said Missouri river, or by deposit of debris and sand against the shore line of said land described in said deed, then the jury should find for the plaintiff, for the recovery of said land, as described in plaintiff's petition, and should find for plaintiff such sum as damages as they believe from the evidence plaintiff has sustained, not exceeding $300; and they should further find the monthly value of the rents and profits thereof, not exceeding $10.

"3. The court instructs the jury that, if they believe from the evidence that the lot 2, section 20, township 59, of range 38, described in plaintiff's petition, as surveyed by the United States government, was bounded on the south by the Missouri river, and they further find and believe, that at the time of the commencement of this suit the plaintiff owned and was entitled to the possession of lot 2, and that the lands

occupied by the defendants are the products of accretion to said lot 2, they will find for the plaintiff.

"The word 'accretion,' as used in these instructions, means the process of adding to land, by the washings of the Missouri river, and the results of such process are termed alluvion, or made lands."

And for the defendant the court gave the following instructions:

"1.    The court instructs the jury, that this is a suit in ejectment, and that in such cases the plaintiff must recover, if at all, upon the strength of her own title, and not by the weakness of the title of the defendants.    Therefore, unless they believe from the evidence that the plaintiff has shown her right to the possession of the lands in controversy by a preponderance of the testimony, they will find for the defendants.

"2.    Before the jury can find for the plaintiff in this action, they must find from a preponderance of the evidence, that the plaintiff was, at the time of the commencement of this suit, the owner of lot 2, of the. northwest quarter of section twenty (20), township fifty-nine (59), range thirty-eight (38), in Holt county, Missouri, as described in plaintiff's petition, and they must further find, that the land sued for, or some part thereof, was alluvion, or accretion thereto, that is, land made, and formed onto, and against the said lands owned by the plaintiff, by the deposit of sand and soil from the washings of the Missouri river, and, unless the jury so find, they must find for the defendants.

"3.    If the jury believe, from the evidence, that all the land occupied, and in the possession of the defendants, was an island formed in the Missouri river, and that the said river, or channel thereof, ran permanently between said island and the said plaintiff's land as it was originally surveyed by the government, there-

by separating said island from plaintiff's land, and that afterward said channel of said Missouri river was filled up by overflow and deposit of sand and mud therein, so that the mainland and said island became united, such island would not be an accretion to plaintiff's land, and they must find for the defendants."

Of its own motion the court also gave the following:

"To constitute an island within the meaning of this instruction, the same must be of a permanent character, situate in the Missouri river; not merely surrounded by water when the river was high, but permanently surrounded by a channel of the river, and not a sand bar, subject to overflow by the rise of the Missouri river, and connected with the mainland when the river was low."

To the giving of which instructions of defendants, as well as the one by the court, modifying and explaining number 3 of defendants, the plaintiff then and there excepted.

The court refused the following instructions prayed by plaintiff:

"4. The court instructs the jury that if you believe from the evidence that the land in controversy was formed in the Missouri river on the north side of the main channel in front of plaintiff's deeded land mentioned in the evidence by a sand bar forming in the river there by additions thereto by sand, dirt, and sediment on either side thereto, and by the space between said bar, or land then formed, and plaintiff's deeded land filling up, or by the water of the river receding therefrom, until said land then formed, and plaintiff's deeded land became one continuous body of land, your finding must be for the plaintiff, provided you believe and find, from the evidence, that the plaintiff was then owner of the deeded land, at the commencement of

this suit, to wit, lot 2, section 20, township 59, of range 38, in this county.

"5. Although the jury may find that the land, in controversy, was a sand bar, or formations of land, in the Missouri river, and that a slough, or channel existed, in which a considerable portion of the Missouri river ran, between the said land and the shore, of said original Missouri river, and that said sand bar, or said formations, afterward by the washing of said Missouri river, filled up said channel, and attached, thereby, the said sand bar, or formed land, to said shore land of said plaintiff, or her grantors, yet the jury will find that the said land, so formed and attached to said mainland, was the property of said plaintiff unless they find that said land so formed, and attached, lay beyond the center of the main channel of the Missouri river, as it originally ran."

The jury found for defendants.

I.   As the rights of the parties depend upon the facts found by the jury, our inquiry must be directed, first, to the instructions given for their guide. Beginning first with the instructions asked by plaintiff and refused. It will be noted that refused instructions 4 and 5 announce the proposition that if the land in controversy was originally formed in the Missouri river as an island or sand bar with a channel between it and the mainland belonging to plaintiff, and that by accretions to said bar or island on the south side it finally extended to plaintiff's land on the south bank, or if by the recession of the river from this intervening channel after the formation of the bar or island the bar and the mainland became connected, then plaintiff became the owner thereof as an accretion.   This instruction was clearly erroneous in that it ignores the fundamental idea upon which the title to accretions is based, namely, that they must be the imperceptible or gradual accre-

tions to the plaintiff's lands, or the gradual receding of the river therefrom. If the accretions were to the island on the south side, and to the mainland on its north side, and by a change of the river they were thus brought together, such a union of the two tracts did not make the island an accretion to the mainland. *Rees v. McDaniel*, 115 Mo. 145; *Perkins v. Adams*, 132 Mo. 131; *Cooley v. Golden*, 117 Mo. 33.

II.   The plaintiff's first instruction was also erroneous in this, that it announces the doctrine that plaintiff was the owner of all lands made and formed between her shore line and the center of the main channel whether such lands consisted of gradual accretions or islands formed in the river, provided they became attached to plaintiff's shore line.

This is an assertion of the right of a riparian owner to all lands whether bars or islands from his shore line to the center line of the main channel of the river. Whatever may be the law in other jurisdictions this is not the law of Missouri. In Missouri the riparian owner only owns to the water's edge. He has no claim whatever to soil under the river and consequently has no title to islands which spring up in our navigable rivers whether on one side or the other of the center line. This theory carried to its logical conclusion would forever preclude the idea of the state's ownership in islands formed in our navigable streams as the several riparian owners would own all the lands from either shore to the center line of the river. Moreover, it conflicts with the law of accretions which is not restrained by the original center line of the river. *Rees v. McDaniel*, 115 Mo. 145; *Cooley v. Golden*, 117 Mo. 33; *Naylor v. Cox*, 114 Mo. 232. This instruction was erroneous and by far too favorable to plaintiff and while it was in conflict with the third instruction given for defendants, plaintiff can not complain of an error com-

mitted in her favor and of her own making. *Reardon v. Railroad*, 114 Mo. 384; *Baker v. Railroad*, 122 Mo. 565, dissenting opinion of SHERWOOD, J.

Defendant's instructions above set forth correctly declared the law and as there was ample evidence from which the jury could find the facts upon which they were predicated the verdict of the jury will not be disturbed and the judgment of the circuit court is affirmed.

BRACE, C. J., BARCLAY, SHERWOOD, MACFARLANE, BURGESS, and ROBINSON, JJ., concur.