DIEDRICH H. R. STEINKE, APPELLEE, V. PAULINA DOBSON
ET AL., APPELLANTS.

FILED JANUARY 3, 1912. No. 16,572.

1. **Vendor and Purchaser: EXCHANGE OF LANDS: FRAUD: REMEDIES.**
   One who has been defrauded in the exchange of property may
   elect to rescind the contract and return the property which he
   has received in the exchange, or to retain the property received
   in exchange and recover damages. He cannot retain the prop-
   erty received in the exchange and in an action for damages
   establish an equitable lien upon the property which he gave
   in exchange.

2. **Trial: PROOF OF RELEVANT FACTS.** A fact not itself directly in issue,
   but relevant to the issue being tried, may be proved without
   pleading it.

3. **Evidence: LAW OF OTHER STATES.** The common law of a sister
   state may be proved by "books of reports of cases adjudged in
   their courts." Code, sec. 420. To prove the law of Missouri, plain-
   tiff offered the decisions of the supreme court of that state in
   certain cases named, with the pages and volumes in which the
   decisions are reported; the trial being to the court, it is *held* that
   this evidence was properly admitted, and, the record showing
   nothing to the contrary, it will be presumed that the court ex-
   amined and acted upon these decisions.

4. **Damages: EVIDENCE.** In an action for damages, if the evidence
   shows substantially that the plaintiff was damaged in at least
   the amount found by the trial court, the judgment will not be
   reversed because the exact and full amount of the plaintiff's
   damages is not definitely shown.

APPEAL from the district court for Lancaster county:
WILLARD E. STEWART, JUDGE. *Affirmed.*

*Morning & Ledwith,* for appellants.

*F. A. Boehmer* and *I. P. Hewitt, contra.*

SEDGWICK, J.

The plaintiff made an exchange of real estate with the
defendants, and in that exchange received from the de-
fendants a warranty deed conveying a tract of land in

Atchison county, Missouri. The deed from the defendants to the plaintiff described the land as the southeast quarter and east half of southwest quarter of section 7 and all of the north fractional half and all of the south fractional half of section 18, all in township 66, range 42, approximating in all 773 acres, subject to incumbrance of $5,750. The plaintiff alleged in his petition that the defendants agreed to convey to him 773 acres, and that the land described in the deed is in fact only 545 acres, being 228 acres less than the amount of land agreed by the defendants to be conveyed; that the agreed price and value of the land was $50 an acre, and that the plaintiff was damaged in the sum of $12,200. The case was tried by the court without a jury, and the court found generally for the plaintiff, assessing his damages at $3,000, and entered a judgment accordingly. From this finding and judgment both parties have appealed to this court.

1. The plaintiff, after alleging the shortage in the land, alleged that the defendants still have a part of the land which was conveyed to them by the plaintiff in the exchange, and that other parts of the land so conveyed had been conveyed by the defendants to other parties in exchange for certain specified real estate described in the petition, and the plaintiff asked for a judgment for damages, and that the same be declared a lien upon the lands conveyed to the defendants in the said exchange and also upon the lands which the defendants had received in exchange for the lands so conveyed to them by the plaintiff. The trial court found that the plaintiff could not enforce a lien upon the lands of the defendants in this action for damages, and the plaintiff now complains of this action of the trial court. We think this finding of the trial court is right. If the plaintiff was defrauded in the exchange, as alleged, he might rescind the contract of exchange and return the property received by him and insist upon the return of the property which he had conveyed in the exchange; or the plaintiff might keep the property which

he had received and bring his action at law for the damages which he had sustained. He chose the latter course, and could not in such an action enforce the return of the property which he had conveyed to the defendants or establish a lien thereon.

2. The defendants insist that they conveyed to the plaintiff the full amount of land agreed upon, and that therefore the plaintiff was not entitled to recover any damages whatever. The land in question lies along the Missouri river. In times past there have been great changes in the banks of the Missouri river along the boundary of this land. There was a large amount of evidence taken. Several surveys have been made of the line of this land along the bank of the river, and the evidence is somewhat conflicting and mystifying as to where the true boundary of the land is. The defendants insist that the land extends to the thread of the stream, and it appears that, if it should be so found, the tract contains nearly, if not quite, the full number of acres specified in the deed. The plaintiff insists that the defendants did not have title beyond the river bank. If this contention of the plaintiff is sustained the tract does not contain the number of acres contracted to be conveyed within something like 200 acres. The question arose upon the trial as to whether, under the law of Missouri, riparian land on a navigable stream extends to the thread of the stream or only to the bank.

The record recites the following: "The plaintiff now offers in evidence the decisions of the supreme court of the state of Missouri in the following cases"—naming *Rees v. McDaniel,* 115 Mo. 145, *Hahn v. Dawson,* 134 Mo. 581, *Frank v. Goddin,* 193 Mo. 390, and other decisions of the supreme court of that state. The defendants objected to the offer "as incompetent, immaterial and irrelevant, and no foundation laid, and nothing in the petition to warrant the introduction of this kind of evidence, this issue not being tendered by the pleadings, and hearsay evidence." The objection was overruled, and the defend-

ants excepted.   None of the decisions in the cases cited appears in the record, nor does the statute mentioned in the offer.   It is contended that it is not sufficiently proved that the law of Missouri limits riparian ownership of land to the bank of the river, and that the court should have found that the defendants had title to the thread of the stream as they might under the law of this state, and that the deed conveyed that title to the plaintiff.

It is contended that the evidence was incompetent because the law of Missouri was not alleged in the petition. The issue being tried was whether the tract of land conveyed by the deed contained the number of acres represented.   The land was described by government divisions and fractions thereof.   The evidence showed that these subdivisions lay next to the river, and that the land lying outside of the river and within these subdivisions did not comply with the terms of the deed and the representations of the defendants.   The defendants then offered evidence tending to show that if the lines of these subdivisions were extended to the thread of the stream they would include the number of acres specified in the deed. The plaintiff in rebuttal offered the evidence as above recited.   In this condition of the pleadings and evidence, we think it was not an abuse of discretion on the part of the trial court to allow this rebutting evidence.   The ultimate fact to be established was the quantity of land actually conveyed by the deed.   If the defendants had no title to that part of the land lying in the river they could not convey it.   If, under the law of Missouri, the defendants could not have title to this land, that was a fact relevant to the question in issue, but was not itself directly in issue.   This was substantially the same condition as existed in *Barber v. Hildebrand*, 42 Neb. 400, in which it was necessary to show title in land as a fact relative to the issue being tried.   The action was to recover commission as a real estate agent, and there was no allegation in the pleadings as to the title of the land, nor as to the law of Iowa, but the court held that evidence in regard to the

law of Iowa was proper as bearing upon the question of title, and said: "Wright's property was in Iowa. The law of Iowa determined his title. The law of Iowa, as applicable to the facts shown by the abstract, was a fact in this case and, except as to statute at least, the proper subject of expert testimony."

We think also the evidence was competent and properly admitted. Section 420 of the code provides: "The unwritten law of any other state or government may be proved as fact by parol evidence, and also by the books of reports of cases adjudged in their courts." The record shows that decisions of the supreme court of Missouri as found in well-known books of authority were received in evidence by the court. These decisions show that in Missouri the defendants could not own the land lying in the bed of the river. It is true that the bill of exceptions is defective in not containing these decisions. It would, however, be highly technical to assume that the trial court did not see and predicate his decision on these authorities, or to refuse to take notice of the authorities referred to as containing the law of that state.

It being established then that the defendants did not have title, and could not and did not convey to the plaintiff the amount of land agreed upon and described in the deed, it follows that the plaintiff has been damaged and is entitled to recover in this action.

It is objected that the evidence is not definite and certain as to the number of acres for which the plaintiff is entitled to recover, nor as to the value of the land. There is substantial evidence, however, as already indicated, that the land actually conveyed to the plaintiff was from 175 to 200 acres less than the amount agreed upon, and the evidence as to the value is that the parties considered and agreed in their exchange that the land to be conveyed to the plaintiff was of the value of $50 an acre. The court did not consider this land to be of equal value with that actually conveyed, but apparently estimated the plaintiff's damages from a consideration of all the lands conveyed and agreed to be conveyed.

This finding of the court is not so clearly wrong as to justify a reversal of the judgment.

AFFIRMED.

REESE, C. J., took no part in the decision.