Green v. The City of St. Louis.

GREEN, *Appellant*, v. THE CITY OF ST. LOUIS.

DIVISION ONE.

1. **Condemnation Proceedings:** CITY CHARTER : ORDINANCE : COMMISSIONERS' COMPENSATION. Under a city charter providing that, in court proceedings to condemn land for public use, "the commissioners may be allowed a reasonable compensation for their services," a municipal ordinance fixing such compensation at $3 per day is invalid.

2. ———— : COMPENSATION OF COMMISSIONERS : ESTOPPEL. When a court allows compensation at the rate claimed by a commissioner, the latter is not in position to complain that that rate was unreasonably low.

3. **Practice:** PARTIES : ESTOPPEL. Parties to litigation are generally bound by the positions they assume therein.

4. ———— : ERRONEOUS REASON FOR CORRECT RULING. If a court's ruling is correct in result, it is immaterial whether it was reached by correct or erroneous considerations.

5. ———— : HARMLESS ERROR. Where error is affirmatively shown to be harmless, it constitutes no ground for reversal.

*Appeal from St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*James & Charles S. Taussig* for appellant.

(1) The court erred in excluding the testimony of appellant Green, offered in his own behalf, as to the fair value of the services rendered by him. R. S., sec.

4518. (2) The court erred in excluding the testimony of John G. Priest, offered to prove what would be reasonable compensation. (3) Error was committed in refusing to allow appellant a reasonable compensation for his services as provided by section 4518, Revised Statutes, 1879. (4) The judgment of the court was against the evidence and the weight of the evidence. (5) The court erred in refusing leave to appellant to amend his fee bill and claim in conformity with the statute.

*W. C. Marshall* for respondent.

(1) The best the court could do for appellant under the evidence was to allow him one hundred and ten days for his individual labor, four days for public sessions, six days for going over the ground, making one hundred and twenty days, and then allow him thirty days for examining plats and papers, aggregating one hundred and fifty days, which the court very liberally did. (2) The ordinance fixed $3 a day as the reasonable amount to be allowed. When appellant accepted the appointment he knew this fact and must be held to have done so with his eyes open. (3) There was no error in confining appellant to $3 a day, which was the rate claimed by him. It was for the court to determine how many days he worked.

BARCLAY, J. — This controversy is between Mr. Green and the city of St. Louis. It arises in a statutory proceeding to open Nebraska avenue, in which the city was plaintiff and other parties were the original defendants. For convenience of treatment this case is entitled as above.

Mr. Green was one of the commissioners appointed by the circuit court, in accordance with the city charter, to assess the damages and benefits incident to opening the avenue mentioned. R. S. 1889, p. 2120, secs. 4, 5. He

has appealed, in due form, from the allowance made to him by the court as compensation for his services.

The specific provision of law, applicable, is as follows: "The cost of the proceedings, up to and including the filing of the report of the commissioners, shall be paid by the city, and, as to any cost caused by subsequent litigation, the cost shall be paid by the losing party. The commissioners may be allowed a reasonable compensation for their services." R. S. 1889, sec. 8, p. 2121.

Further than this, the following had been formally passed as a municipal ordinance before this case arose, viz. :

"In all proceedings to establish, open, widen or alter any street, avenue, alley, wharf, the commissioners appointed by the circuit court shall be entitled to have and receive from the city treasury for their services as such the sum of $3 for each day's services in the case." Rev. Ord. St. Louis, 1887, sec. 660, p. 679.

I.   At the hearing of the claim of the commissioners, the court received and considered the proofs submitted by them, touching the time consumed in the assessment of damages and benefits ; but, on objection by the city counselor, refused to enter into the subject of the reasonable value of their services in that behalf, holding that the ordinance, last aforesaid, was controlling on that point.

The charter contemplates that the commissioners shall receive a "reasonable compensation." This provision is intended, not for the protection of the city only, but to secure also to property-owners, and to others interested, the services of persons competent to discharge the important and responsible duties imposed by such an appointment. This "reasonable compensation" is obviously intended to be ascertained by the court in which the proceeding is pending, not by the legislative department of the municipality. The city is a party to the record and bound to pay the commissioners'

compensation as part of the costs. Although its attitude in the proceeding differs materially from that of a private party ( by reason of its investiture with a public trust), yet its interest in such a cause certainly seems sufficient to exclude its proper exercise of power to determine what compensation is reasonable under the law. To concede its right to limit the compensation to $3 per day (irrespective of the actual value of the services) would acknowledge its power to fix the price at $1 or even less, or at $50 per day, as the municipal authority might determine. It might operate an injustice either way. If the sum was too small to command the services of competent commissioners, the effect would be prejudicial to the parties whose rights were involved in the exercise of the power of eminent domain. If the sum was too large, it would be an injustice to the general taxpayers whose funds were so applied, unnecessarily, to pay extravagant costs of such proceedings.

But it is enough to say that the charter intended that the court should adjust the compensation at a reasonable amount in view of the services rendered, and that it did not commit that subject to the decision of the city.

II. But is Mr. Green in position to avail himself of the above construction of the statute in this case ?

The circuit court, after hearing the testimony, found he had actually served as commissioner one hundred and fifty days, and allowed him $450, as compensation therefor. This was at the rate of $3 per day, the amount, it appears, which he demanded in the written claim he filed in the case. His counsel excepted to the exclusion of his testimony touching the reasonable value of his services, but, as the court ultimately allowed him compensation at the rate per day claimed in his bill, we cannot see how he was prejudiced by the ruling complained of.

Competent parties to litigation (in the absence of infringement on some public policy) are necessarily held bound by the positions they assume therein. And, if the ruling of a court is correct in its result, it is entirely immaterial whether it was influenced by sound or erroneous considerations.

In the face of the appellant's statement of his claim, we think it must be held that the error of the court in excluding the evidence of reasonable compensation was harmless, and not prejudicial to his substantial rights upon the merits of the controversy. R. S. 1889, secs. 2100, 2303.

We, therefore, affirm the judgment. All concur, BRACE, J., on all points; SHERWOOD, C. J., and BLACK, J., in the second paragraph only; they do not concur on the first point discussed in the opinion.