S. P. FORSEE, Respondent, v. B. E. GARRISON, et al., Appellants.

Kansas City Court of Appeals. December 5, 1921.

1. **APPEAL AND ERROR**: Bill of Exceptions: Sufficient Abstract: Abstract which Recites that Bill of Exceptions was Duly Filed, Held, Sufficient. Where the abstract recites that the Bill of Exceptions was "duly filed," such recital is sufficient under rule 26, of this court, to present the questions involved for review.

2. ————: Assignment of Error: Where Points Made are Clearly Set Forth in points and Authorities, it is Unnecessary for Brief to Contain Separate "Assignments of Error."

ON REHEARING.

3. ————: Judgments: Executions: Res Adjudicata: Record Held Insufficient to Present Question Whether Quashing of Execution was

a Bar to the Issuance of Another Execution. Appellate Court cannot say that the quashing of execution issued upon first judgment there being no appeal, should be declared *res adjudicata* and a bar to the issuance of another execution, for the reason that the motion to quash the first execution is not contained. in Bill of Exceptions and therefore it does not appear that the execution was quashed upon a ground that would destroy the vitality of the judgment.

4. **ELECTION OF REMEDIES: Judgments: Misnomer: The Doctrine of Election Applies Where Second Suit is Brought on Same Issues after Judgment Thereon in First Suit, and the Bringing of Second Suit Held to be an Abandonment of all Rights Under First Suit and Judgment.** In a suit for rent where judgment for plaintiff misnamed defendant, and after execution thereon had been quashed, a second suit was brought by plaintiff for same rent involved in first suit, resulting in a final judgment in favor of defendant, thereby leaving the parties in the anomalous position of having two judgments on same issues, one for plaintiff and the other against him, *held*, that the doctrine of election applies and the bringing of the second suit on the same issues was an abandonment of all rights under first suit and judgment.

5. **EVIDENCE: Transcript of Justice of Peace: Record Cannot be Varied by Parol.** Where the record shows that the amount sued for was an item of "rent $220," and that judgment was rendered therefor, the record could not be varied by parol evidence so as to show that the judgment in second suit did not contain an item of $80 which was included in judgment rendered in first suit.

6. **APPEAL AND ERROR: Rehearing Reopens Case and Gives it the Same Status as if it Had Never Been Heard.** The granting of a rehearing reopens the case and gives it the same status as if it had never been heard by this court.

Appeal from the Circuit Court of Jackson County.— *Hon. Daniel E. Bird,* Judge.

REVERSED AND REMANDED *(with directions to quash execution.)*

*Forsee & Forsee* for respondent.

*Edward E. Naber* and *R. J. Smith* for appellant.

TRIMBLE, P. J.—This is an appeal from an order overruling a motion to quash an execution.

It seems that on December 5, 1916, Forsee sued B. E. Garrison in a justice's court upon a written lease to recover rent due thereunder for a part of August and the month of December, 1916, amounting to $47.88. By agreement on January 4, 1917, the statement was amended to include the rent of January, 1917, making a total of $87.83, and on January 15, 1917, the justice rendered judgment in Forsee's favor for $80 against said defendant B. E. Garrison, but in some way the judgment was erroneously written up as against R. E. Garrison.

Defendant B. E. Garrison, with Thomas McMillan on his appeal bond appealed to the circuit court, the judgment in the transcript being against R. E. Garrison instead of B. E. Garrison. On June 12, 1917, owing to the failure of the appellant to give notice of appeal, the judgment was affirmed against defendant and the surety on his appeal bond, defendant therein being named R. E. Garrison instead of B. E. Garrison.

On July 9, 1917, the clerk of the circuit court was induced to change the judgment entry to read B. E. Garrison instead of R. E. Garrison and thereafter a general execution was issued against B. E. Garrison and Thomas and McMillian for $80 with interest and costs.

On July 12, 1917, B. E. Garrison filed a motion to have the changed judgment entry restored so as to read as it formerly did, namely, against R. E. Garrison instead of B. E. Garrison, and also a motion to quash the execution against B. E. Garrison which execution had already been issued thereon.

While these two last motions were pending, plaintiff Forsee, on July 19, 1917, filed a motion for an order on the Justice to correct his transcript so as to have the judgment read against B. E. Garrison instead of R. E. Garrison as the latter was a mere clerical error. Three days later, to-wit, July 21, 1917, plaintiff Forsee withdrew this motion.

On July 24, 1917, B. E. Garrison's and Thomas McMillian's motions to restore the circuit court record to

R. E. Garrison and to quash the execution against B. E. Garrison and his surety were sustained, and the judgment R. E. Garrison was restored and the execution against B. E. Garrison and the surety Thomas Mc-Millan was quashed. No appeal was ever taken from the action of the court on these motions, but on the same day they were sustained, and three days after the motion for an order on the Justice to correct his transcript had been withdrawn, plaintiff Forsee brought suit in a justice's court against B. E. Garrison under the same written lease and for the same rent as in the former suit plus the rent of February and March, 1917, and for damages to the leased premises, all aggregating the sum of $220. This case was finally tried on October 8, 1918, resulting in a verdict and judgment in favor of defendant, B. E. Garrison, and on plaintiff's appeal to the circuit court, this judgment was affirmed for want of a necessary notice of appeal.

On the same day this second rent suit was tried, to-wit, on October 8, 1918, plaintiff Forsee filed in the circuit court, in the first rent suit appealed thereto, a motion for an order on the justice to correct his transcript in the first rent suit or $80 judgment in plaintiff's favor, so as to make it read against B. E. Garrison instead of R. E. Garrison, said motion being almost identical with the one he had withdrawn on July 21, 1917. The motion thus filed on October 8, 1918, was by the court sustained on January 22, 1919, and on March 8, 1919, the first day of the March term, 1919, the justice changed the name of the defendant in his transcript from R. E. Garrison to B. E. Garrison and wrote on the margin "Corrected March 8, 1919, by order of the circuit court."

On the same day, the deputy circuit clerk changed the name in the judgment therein from R. E. Garrison to B. E. Garrison.

On December 12, 1919, after the lapse of a number of terms since the circuit court quashed the first execution against B. E. Garrison and his surety, plaintiff Forsee obtained the issuance of a second execution on the first judgment as it now stood, and on December 15, 1919,

defendants filed their motion to quash this second execution, which motion the court overruled and from which defendants have appealed.

Respondent's motion to affirm the judgment or dismiss the appeal for alleged infirmities in the abstract and in appellants' brief is not well taken. The charge against the abstract and the authorities in support thereof ignore our Rule 26 relating to the sufficiency of the allegation that the bill of exceptions was "duly filed." It is true the brief contains no separate "assignments of error" but that is not necessary since the various points made by the appellants are clearly and succinctly set forth in their "Points and Authorities." The abstract is not imperfect or insufficient so as not to present the precise questions involved, and the complaints leveled against it cannot be upheld.

It might well be conceded that had plaintiff continued to pursue his rights and remedies under the $80 judgment first rendered in the circuit court, the error in the name of the defendant therein could have been regarded as immaterial, since, by a showing that the judgment was in fact against the right man though in a wrong name, plaintiff would have been as much entitled to the benefits thereof as if defendant had been sued by his right name. [Green v. Strother, 201 Mo. App. 418, 420.] . . . The judgment is therefore reversed and the cause remanded with directions to quash said execution. All concur.

### On Rehearing.

BLAND, J.—We are satisfied with the statement of facts and the conclusions reached upon the points passed upon in the foregoing portion of the opinion written by TRIMBLE, P. J., on the original submission of the case. We do think that we can say that the quashing on July 24, 1917, of the execution issued upon the first judgment, there being no appeal, should be declared *res adjudicata* and a bar to the issuance of another execution, for the reason that the motion to quash the first execution is not con-

tained in the bill of exceptions and therefore it does not appear that the execution was quashed upon a ground that would destroy the validity of the judgment. What there is in the abstract of the bill of exceptions shows the contrary.

It will be noted that three days before the first execution was quashed, or on July 21, 1917, plaintiff withdrew his motion to have the justice correct his transcript and on the same day the motion to quash was sustained, to-wit, on July 24, 1917, and presumably after the execution had been quashed the second suit was brought on the same lease for the same rent involved in the first suit plus rent for two other months. This was done with full knowledge of the facts. The second suit resulted in a final judgment in defendant's favor. The parties are therefore in the anomalous position of having two judgments on the same issues, one in favor of plaintiff and one against him. This condition was brought about by the action of plaintiff. We think that the doctrine of election applies and the bringing of the second suit on the same issues was an abandonment of all rights under the first suit and judgment. Plaintiff having to pursue his remedy by a second suit, he ought not to be permitted after judgment has been rendered against him to return to the first and assert rights thereunder inconsistent with the course he pursued in the bringing of the second suit. While we are unable to find any case where the facts are the same as those present in this case, we think the principles laid down in the following authorities fully apply by analogy. [1 Cyc. 756; 15 Cyc. 259; Bensieck v. Cook, 110 Mo. 173; Barrett v. Stoddard County, 183 S. W. 644, 647; Nanson v. Jacob, 93 Mo. 331, 346; Welsh v. Carder, 95 Mo. App. 41, 46; Green v. City of St. Louis, 106 Mo. 454, 458; McClanahan v. West, 100 Mo. 309, 322.]

Plaintiff claims that the inclusion in the second suit of the rent sued for in the first was a mere mistake which was orally corrected by eliminating that rent before the case went to a jury in the justice court. The record contradicts this. Plaintiff's petition or statement in the

justice court shows that this rent was sued for and the transcript of the justice brought here by the additional abstract filed here after the granting of the rehearing contains the following, immediately after the style of the cause, ''Rent $220.'' This was the amount sued for in the statement and, as before stated, the statement specifically included the rent sued for in the first suit. There is nothing in the record of the justice or in the circuit court to show other than the full amount sued for was demanded at all stages of the proceeding. Under such circumstances the record can not be varied by parol. [Sutton v. Cole, 155 Mo. 206, 214; Secs. 2726 and 2900, R. S. 1919.]

The motion to strike from the files the supplemental abstract of the record is overruled. The granting of the rehearing reopened the case and gave it the same status as if it had never been heard by this court. The appellant, therefore, had a right to file his supplemental abstract within the time required by the rules.

The motion to quash the execution dated December 12, 1919, should have been sustained. The judgment is reversed and the case remanded with direction to quash said execution. All concur.