WILLIAM LONG, Defendant in Error, v. JAMES WAGONER et al., Plaintiffs in Error.

1. *Lands and land titles — Intention of parties to govern in description contained in deed.*—Where it was manifest, from a construction of the descriptive parts of a deed, in connection with its recital, that the parties intended, the one to grant and the other to acquire the title to lands, subject to the jurisdiction of the County Court of Washington county, in this State, and it further appeared that there were no other lands subject to that jurisdiction which met the calls of the deed, the deed sufficiently describes the land as located in this State, although it fails to state in terms that the land was situated in Missouri.

The intention of parties to a deed, in describing land, is to be deduced from the instrument, as in the case of any other contract.

*Error to Second District Court.*

*Conger & Reynolds*, for plaintiffs in error, cited Davis v. Davis, 8 Mo. 56; 5 Am. Law Reg., N. S., 142; 1 Stark. Ev., § 652; Boardman v. Reed's Lessee, 6 Pet. 345; Dell v. Dawson, 32 Mo. 87; Hardy v. Mathews, 38 Mo. 121; Campbell v. Johnson, 44 Mo. 250; Clemens v. Rannells *et al.*, 34 Mo. 579; Speck v. Wohlien, 22 Mo. 315; Moreau v. Detchemendy, 18 Mo. 522.

*Van Alen*, with whom were *Perryman & Dinning* and *Wingo & Relfe*, for defendant in error.

The omission of not stating the county in the deed was not such an ambiguity as would defeat the title. (Hart v. Rector *et al.*, 13 Mo. 497; Evans v. Green, 21 Mo. 170; 44 Mo. 185; 43 Mo. 13; 1 Greenl. Ev. 6.)

CURRIER, Judge, delivered the opinion of the court.

Trespass *quare clausum*. Thomas R. Livingston, in his lifetime, acquired under a patent from the United States the title to forty acres of land situated in Washington county, Missouri, which were described in the patent as follows: " The southeast fourth of the northeast fourth of section 24, township 39, range 1 east, in the district of lands subject to sale at St. Louis, Missouri." Livingston subsequently died, and his administratrix, under an order of the County Court of said Washington county, sold and conveyed to the plaintiff forty acres of land by the following description, viz: " The southeast fourth of the northeast fourth of section 24, township 39, range 1 east." This description, as far as it goes, is identical with that in the patent. It omits, however, to state the county or land district in which the premises were situated. Otherwise the two descriptions are the same. The first is admitted to be good, while the second is claimed to be bad as not showing the State in which the land was located. The deed is therefore claimed to be ambiguous upon its face as regards the subject of the grant. This conclusion is deduced from the fact that, under the United States system of

land surveys, the description in the deed to the plaintiff would apply to land in other States as well as to the land in question. On this circumstance rests the claim that the deed is fatally ambiguous. If the deed shows the land to be in this State, the supposed ambiguity disappears, for it is not pretended that there is any other parcel of land in Missouri that at all answers to that described in said deed. Substantially, therefore, the question is raised whether that deed sufficiently identifies the land in question as being located within the limits of the State of Missouri; for if within those limits at all, then it is in Washington county, and that described in the plaintiff's petition.

The object of a description in a deed is to define what the parties intended, the one to convey and the other to receive, by the conveyance. That intention is to be deduced from the instrument of conveyance in the same manner as in the case of any other contract. (3 Washb. Real Prop., 3d ed., 333.)

As collected from the deed as a whole, what, then, did the parties intend, the one to convey and the other to receive? It does not admit of doubt that the parties believed themselves to be contracting in relation to forty acres of land lying in Washington county. The deed recites that the maker of it was the administratrix of Thomas R. Livingston, deceased; that the land therein described was sold in virtue of an order of the County Court of Washington county, authorizing such sale to be made, and that the sale was subsequently reported to and approved by the court. The deed then proceeds to state that, in consideration of the premises and of a named sum, the grantor sold and conveyed all the right, title and interest of said deceased in and to said tract of land to the grantee therein named; that is, to the plaintiff. It is thus seen that the deed, as shown by its recitals, was made under the authority of the Washington County Court. It is not to be presumed, in the absence of proof, that the court transcended its jurisdiction. But it had no jurisdiction to order or authorize a sale of lands lying in Illinois, or in any State other than Missouri. The parties to the deed must have supposed and believed that they were dealing with lands lying within the limits of this State, and must have intended, the one to convey and the

other to acquire lands located within such limits. The contrary supposition is not within the range of conjecture.

Construing the descriptive parts of the deeds, then, in connection with its recital, it becomes manifest that the parties intended, the one to grant and the other to acquire the title to lands located within the limits of this State, and subject to the jurisdiction of the Washington County Court. If it appeared that there were other lands subject to that jurisdiction which met the calls of the deed, the case would be entirely different. But there is no such tract. It is not claimed that such tract can be found without going beyond the limits of this State. Under the recitals in the deed that is unwarranted; such a course would defeat the most manifest intentions of the parties.

The judgment will be affirmed. The other judges concur.