LEWIS MYHER, Appellant, v. JOHN H. MYHER et al.

Division One, December 23, 1909.

1. EVIDENCE: Location of Land in County: Will. Oral evidence is competent to show that land described in the will by Government numbers only lies in the county.

2. ————: ————: Judicial Notice. The court will take judicial notice that lands described by section, township and range lie in a certain county and in this State. It takes judicial cognizance both of land descriptions in the Government surveys and of the political subdivisions of the State, such as counties.

3. WILL: Surface to One Devisee: Coal to Another: Complete Disposition. Where the will gives "the surface" of certain lands to certain children and "the coal under the lands" so devised to another child, together with "the coal shaft and not to exceed one acre surrounding the same and the road to the shaft," it disposed of all the estate therein, and testator did not die intestate as to any of it.

Appeal from Adair Circuit Court.—*Hon. Nat. M. Shelton*, Judge.

AFFIRMED.

*Campbell & Ellison* and *A. Doneghy* for appellant.

(1) Every will shall be in writing. R. S. 1899, sec. 4604. We gather from a reading of the above section that the will, the whole of it, must be in writing. Had the lawmakers intended that a will should rest part in writing and part in parol, or extrinsic matters, it is fair to presume that they would have said so; having said that it should be in writing, then, parol evidence cannot be admitted to add to. In re Lynch's Estate, 142 Cal. 373; William Exrs., Am. Notes, p. 299; 30 Am. Eng. Ency. Law, p. 673; Fitzpatrick v. Fitzpatrick, 36 Iowa 674. It is not disputed but that under certain circumstances words may be supplied, but only when the context of the will clearly shows what words were omitted. In all such cases the court acts upon the assumption that the contingency or state of circumstances which was present in the testator's mind was imperfectly described, and hence, when the testator himself has overlooked a particular event, which, had it occurred to him, he would have probably guarded against, the omission cannot be supplied by inserting the necessary clause; to do so would be too much like making a will for him, rather than constructing one already made. 30 Am. and Eng. Ency. Law, p. 691; Bradley v. Bradley, 24 Mo. 315; Fitzpatrick

v. Fitzpatrick, supra. From the context of the Myher will none can say what words, if any, were omitted, that is, what state? which county? whose land he intended? That can only be determined, if at all, by the introduction of extrinsic matter, and extrinsic evidence is only admitted to remove an uncertainty in any instrument of writing when the uncertainty is created by extrinsic matter, and never when the ambiguity appears on the face of the instrument, and may just as well refer to or mean one of many things. 1 Greenleaf Ev. (Redfield's Ed.), sec. 297; Starkie Ev. (8 Ed.), sec. 652; Davis v. Davis, 8 Mo. 58, 24 Mo. 315; Fitzpatrick v. Fitzpatrick, supra.; Teague v. Sowder, 114 S. W. 488. There is not even a reference in the will to the land as "my land" or anything to indicate that Myher intended to will land that belonged to him, and while it has been said that a man is not presumed to go through that idle ceremony of devising that which did not belong to him, yet this presumption is no part of a will, and the court cannot write it into one. In re Lynch's Estate, supra; Fitzpatrick v. Fitzpatrick, supra; Martin v. Kitchen, 195 Mo. 489; Mudd v. Dillon, 166 Mo. 120; Hardy v. Mathews, 38 Mo. 124; Campbell v. Johnson, 44 Mo. 250; Johnson v. Fisher, 56 Mo. App. 555; Carter v. Holman, 60 Mo. 304; Ford v. Society, 120 Mo. 506; Bradley v. Bradley, 24 Mo. 315; Fitzpatrick v. Fitzpatrick, supra. (2) Again, the will attempts to dispose of the surface to one person and the coal thereunder to another, and makes no disposition of the balance of the land, and other minerals, stone, etc. Now it is an elementary principle that one who has the title in fee simple owns the land as far down as you can go. Did the testator die intestate as to all except the surface and the coal?

*H. F. Millan* for respondents.

Failure to state what county and state the land is located in, does not render the description void.

Beach on Wills, p. 462, sec. 266; Black v. Richards, 95 Ind. 182; 1 Jones on Real Prop., sec. 321; Long v. Waggoner, 47 Mo. 178; McMahan v. Hubbard, 217 Mo. 624. There is a presumption in the absence of anything in the instrument to the contrary that the land is in the county and state where the instrument is executed and the parties reside. 1 Jones on Real Prop., sec. 321; Dutch v. Boyd, 81 Ind. 146; Homan v. Stewart, 16 So. (Ala.) 35. Where land is described according to Government Survey it is sufficient though the county and state be omitted. The law presumes that the testator intended to dispose of his whole estate. Simmons v. Cabanne, 177 Mo. 336; Farish v. Cook, 78 Mo. 212. A devise or conveyance of the surface to one and the coal to another carries the fee complete. In order to properly construe a will, it is perfectly legitimate to hear extrinsic evidence of all the facts and circumstances surrounding the testator at the making of the will, that the court may be placed in the same position that the testator was in at the time. The will says, "I, Edward W. Myher, of Adair county, Missouri." It appoints Wm. Young, of Adair county, Mo., executor. It is admitted to probate in Adair county, Missouri. These facts sufficiently indicate that the land is in Adair county, Missouri, and especially is this true, when it is shown that he owned no other land. Where two or more things would answer the same description it is a latent ambiguity. Wheaton v. Pope, 97 N. W. (Minn.) 1046; Willard v. Darrah, 168 Mo. 660.

VALLIANT, J.—Plaintiff, claiming to be the owner in fee of an undivided one-fifth of certain lands in Adair county, brought this suit under section 650, Revised Statutes 1899, to have the title adjudged and determined. The land in question belonged to Edward W. Myher, the father of the plaintiff, and of the defendants. He is the common source under which all

the parties claim, the plaintiff by inheritance and the defendants under their father's will. Edward W.Myher died leaving a will by which he gave to the plaintiff a small money legacy only, and devised his land to the defendants, giving to each a certain part or division of the land in severalty; the will disposed of all his estate, unless the plaintiff is right in his interpretation of the will, that is, that the devises of the land are so obscure in description that effect cannot be given them. By the language of the will "the surface" only of the land is given to his sons John and Clarence and his daughter Bertha, while the coal under their lands is given to his son Frank, together with a coal shaft, an acre around it and a road to it. The land willed to Frank is without such exception as to coal.

The will is as follows:

"Knowing the certainty of death and the uncertainty of life and being now sound of mind and memory, I, Edward W. Myher, of the county of Adair and State of Missouri, do make and publish this my last will and testament.

"1st. It is my will and desire that I hereby direct that my executors hereinafter named, pay all my just debts if any as soon as possible after my death.

"2nd. I give and bequeath to my son, John H. Myher, the surface of the east half of the northwest fourth of the southwest quarter of section thirteen, township sixty-two, of range sixteen, containing twenty acres more or less.

"3rd. I give and bequeath to my daughter Bertha Herring now intermarried with Chas. Herring and to her descendants the surface of the west half of the northwest fourth of the southwest quarter of section thirteen, township sixty-two, range sixteen, containing twenty acres more or less.

"4th. I give and bequeath to my son Clarence E. Myher the surface of the east half of the northeast fourth of the southeast quarter of section fourteen,

township sixty-two of range sixteen, containing thirty acres more or less reserving the coal shaft if it is sunk on the east above described land and enough of the surface not exceeding one acre for the proper handling of coal also reserving the road to the shaft.

"5th.   I give and bequeath to my son Frank S. Myher the southwest one-fourth of the northeast fourth of the southeast quarter of section fourteen, township sixty-two, range sixteen, containing ten acres more or less and all coal under the lands bequeath to my son John H. Myher and Clarence E. Myher and my daughter Bertha Herring also the coal shaft and not to exceed one acre surrounding the same and the road to the shaft.

"6th.   I give and bequeath to my son Lewis Myher being my third child now living, the sum of ten dollars to be paid out of my personal estate.

"7th.   I give and bequeath to my four following named children, Clarence E. Myher, Bertha Herring, John H. Myher and Frank S. Myher all my personal property of whatsoever nature remaining after my first debts and the ten dollars legacy to my son Lewis are paid.

"8th.   I hereby appoint Wm. Young of Adair county, Missouri, executor of this my last will and testament."

The will was duly admitted to probate and there was no contest.   At the trial the testimony of the plaintiff was to the effect that Edward W. Myher was the owner in fee of the land at the time of his death, that plaintiff and defendants were his children and that neither of them had parted with his interest.   The defendants introduced the will and oral testimony to show that their father lived in Adair county on the land described in the plaintiff's petition, had lived there for many years and was living there at the time of his death.   The trial resulted in a judgment for the defendants and the plaintiff appealed.

I. The land is described in the plaintiff's petition as east half, northwest quarter of southwest quarter and west half northwest quarter of southwest quarter section 13, and east half northeast quarter of southeast quarter and southwest quarter northeast quarter of southeast quarter section 14, all in township 62, range 16, in Adair county, Missouri. The description of the land in the will is identical with that in the petition except that in the will it is not said "in Adair county, Missouri."

When the oral evidence was offered on the part of the defendants to the effect that their father lived many years and died in Adair county, Missouri, on the land described in the petition, the plaintiff objected on the ground that oral testimony could not be received to supply the omission in the will, that is, to prove that the land lay in Adair county to identify the land described in the will with the land described in the petition; the objection was overruled and exception taken. Since the trial of this cause in the circuit court that point has been decided contrary to plaintiff's contention by this court in McMahan v. Hubbard, 217 Mo. 624. After full discussion of the subject the court held that such evidence in such case is entirely competent. It is unnecessary to say more on that subject than is said in that case.

But even without that oral testimony we think the description contained in the will is sufficient to show that the land lies in Adair county, Missouri. This court takes judicial cognizance of land descriptions in the Government surveys, and we also take judicial cognizance of the political subdivisions of the State. We know that sections 13 and 14, township 62, range 16, are in Adair county. It is argued that those numbers of sections, township and range may be found in other counties in other states; that may be, but we have no judicial cognizance of such matters in other states and even if the fact were proven we would not

go abroad to hunt for such a fact for the purpose of rendering uncertain a description which is certain enough when applied to land within our purview. This point was practically so decided in Long v. Wagoner, 47 Mo. 178.

There is nothing in any of the cases cited in support of appellant's position on this point that meets the facts of this case. In Martin v. Kitchen, 195 Mo. 489, the description was "the northwest quarter of section 7 north of Castor river" in Stoddard county, without mention of township or range; it was shown that there were several sections 7 north of Castor river in that county. In Mudd v. Dillon, 166 Mo. 110, the deed purported to convey "eighty acres the east half of the northeast quarter and sixty acres off of the east side of the west half of the northeast quarter of section 12, and eighty acres of the east half of the northeast quarter of section 13 containing two hundred and forty acres according to the United States survey in the county of Montgomery in the State of Missouri." But it did not state the township and range. There were several sections 12 and 13 in that county and the description would apply to either. The other cases cited are no more in point than those.

II. The will gives the land to the devisee with the qualification that it is the surface of the land given, but the coal under the surface is given to the son Frank.

That description and that qualification mean that all the land is given in fee to the devisee named except the coal beneath the surface and the right of mining the coal, which includes the necessary roadway and the use of the surface necessary to the operation of the mine.

The will limits the quantity of surface use Frank may make of the land given to John, Bertha and Clarence.

That mode of disposing of land is well recognized in the law of this State. [Wardell v. Watson, 93 Mo. 107.]

The learned trial judge took the correct view of this case. The judgment is affirmed. All concur.