L. F. P. CURRY v. WILLIAM L. CRULL, EDITH CRULL, RUSSELL CRULL, SAMUEL O. SMITH, ANNA A. SMITH, BLAIR L. DOBSON, MABEL DOBSON, WALTER SUMNER, GRACE MAY SUMNER, AMMON B. THOMAS, HAZEL THOMAS, CARL THOMAS, ELENA THOMAS, HERMAN SCHMIDTGALL, RACHEL SCHMIDTGALL, H. ALLEN LAFFERTY, RUTH LAFFERTY, and JACKSON COUNTY, Appellants.—116 S. W. (2d) 125.

Division Two, May 3, 1938.

*Benj. R. McGuire* and *David B. Logsdon* for appellant.

*Arthur B. Taylor* and *R. Burns Strader* for respondent.

556

WESTHUES, C.—Respondent, plaintiff, brought this suit to settle a dispute over certain real estate situated in Jackson County, Missouri, described as follows:

"All that part of Section 24, Township 51, Range 31 and Section 13, Township 51, Range 31 lying South of the Missouri River, and North of the slough running through the North half of said Section 24, Township 51, Range 31 and the South-west quarter of Section 13, Township 51, Range 31, commonly known as 'Rumpus Island or Rumpus Land.' "

In the first count of the petition plaintiff sought to quiet title, and in the second, ejectment of the parties in possession of the land. The defendants were: William L. Crull, Edith Crull, Russell Crull, Samuel O. Smith, Anna A. Smith, Blair L. Dobson, Mabel Dobson, Walter Sumner, Grace May Sumner, Ammon B. Thomas, Hazel Thomas, Carl Thomas, Elena Thomas, Herman Schmidtgall, Rachel Schmidtgall, H. Allen Lafferty, Ruth Lafferty and Jackson County, Missouri, a municipal corporation. Plaintiff claimed title to the

land described, on the theory that it had accreted to his land lying to the south thereof, which he had acquired by deeds. The trial court found for plaintiff on both counts of the petition and the following named defendants appealed: William L. Crull, Edith Crull, Russell Crull, Walter Sumner, Grace May Sumner, Ammon B. Thomas, Hazel Thomas, Carl Thomas and Elena Thomas.

Appellants did not assert any ownership in the land in dispute. They filed a general denial. A number of the appellants were in possession of a part of the land as squatters. Plaintiff introduced evidence that in the year 1915, the south river bank extended across Section 24, Township 51, Range 31, beginning at the northwest corner of the southwest quarter of the southwest quarter of said section, thence in a northeasterly direction to the northeast corner of the southeast quarter of the northeast quarter of said section. Plaintiff acquired title by deed to all of this land lying along the river bank in Section 24, and claims title from that line to the present channel of the Missouri River by accretion. The evidence disclosed that the river washed away much of the land in Section 24 prior to 1915. Then for a year or two it wavered, but beginning about the year 1917 or 1918, it moved steadily to the north, and while doing so accreted land to the south of the river along the entire length of Section 24. At the time of the trial the south bank of the river ran almost due east, a short distance north of the center line of Section 13, Township 51, Range 31. Section 13 lies immediately north of Section 24, above mentioned. The evidence also disclosed that a slough or draw extended across this land from west to east, beginning at a point a short distance north of the southwest corner of the northwest quarter of the northwest quarter of Section 24, thence in a northeasterly direction into Section 13, crossing the southeast quarter of the southwest quarter of Section 13, thence in a southeasterly direction through the northeast quarter of Section 24, joining the old river bank of 1915 in the southeast quarter of the northeast quarter of Section 24. The land lying north of this slough or draw and south of the Missouri River, in sections 24 and 23, is the land in dispute. This slough is referred to in the description as running through the north half of Section 24. The defendants contended that the land north of the slough did not accrete to plaintiff's land, but that an island formed in the river and all the land north of the slough was a part of that island. If this were so, then plaintiff did not have title to the land in dispute. [See Dumm v. Cole County, 315 Mo. 568, 287 S. W. 445, l. c. 448 (4) (5).] The decisive question in this case, as the issues were made in the trial court, was, did the land in dispute accrete to the plaintiff's land which he owned south of the slough, or did it come into existence through the formation of an island? The strongest evidence against plaintiff's theory was the existence of the slough.

However, plaintiff introduced substantial evidence that during the years 1922 and 1923 the slough or draw was not there; that during the high water of 1928 and other years there was a strong current of water across this land which cut a slough through it. Plaintiff introduced much evidence tending to show that all of the land in dispute was added to his land by accretion; that no island formed in the river at this point; that sand bars would at times appear and disappear, but that no permanent formation was ever made except the accretion to the mainland south of the river.

The following in Dumm v. Cole County, 315 Mo. 568, 287 S. W. 445, l. c. 447, 448 (2, 3) is applicable to this case:

"This being an action at law, tried by the court sitting as a jury, without instructions asked or given, and the judgment being sustained by substantial evidence, and no reversible error appearing to have been committed in the admission or rejection of evidence, the finding is conclusive upon us. [In re Lankford's Estate, 272 Mo. 1, 197 S. W. 147; Case v. Sipes, 280 Mo. 110, 217 S. W. 306; Wiley v. Harlow, 274 Mo. 170, 202 S. W. 533; Cullen v. Atchison County (Mo.), 268 S. W. 93.]"

The facts in the Dumm case, supra, were to a great extent the same as in the case at bar. On the merits of the case the judgment quieting plaintiff's title and judgment in ejectment were for the right party.

Appellants insist that plaintiff's petition was fatally defective because the description of the land failed to state the county and State within which it was located. Plaintiff, before judgment was entered, amended his petition by interlineation, adding the words, "Jackson County, Missouri." At the trial, deeds, plats, and oral evidence were introduced showing that the land was situated in Jackson County, Missouri. Appellants assert that the amendment was made without their knowledge. Ignoring the amendment, the petition was sufficient to support the judgment. This same situation was before the court in Myher v. Myher, 224 Mo. 631, l. c. 637, 123 S. W. 806, l. c. 807, where this court said:

"This court takes judicial cognizance of land descriptions in the government surveys, and we also take judicial cognizance of the political subdivisions of the State. We know that Sections 13 and 14, Township 62, Range 16 are in Adair County. It is argued that those numbers of sections, township, and range may be found in other counties in other states; that may be, but we have no judicial cognizance of such matters in other states and even if the fact were proven we would not go abroad to hunt for such a fact for the purpose of rendering uncertain a description which is certain enough when applied to land within our purview. This point was practically so decided in Long v. Wagoner, 47 Mo. 178."

The point is ruled against appellants.

In a number of assignments of error appellants contended that the plaintiff held this land as trustee for the Reorganized Church of Jesus Christ of Latter Day Saints, an unincorporated religious society; that, therefore, plaintiff was not a proper party to bring this suit; and also that such a society was prohibited, by our Constitution, to hold title to real estate except for a church purpose. Appellants filed only a general denial, and therefore are not in a position to question plaintiff's right to sue. The title was in plaintiff's name individually and not as trustee. Therefore, upon the face of the record, plaintiff had the right to maintain this action. If appellants desired to question plaintiff's right, it was their duty to raise that question by answer. In Harger v. Barrett, 319 Mo. 633, 5 S. W. (2d) 1100, l. c. 1105 (11, 12), this court said:

"In addition, an objection to parties should be made by special demurrer or by answer; unless so raised, such defect is not subject to review on appeal." [See, also, Ashton v. Penfield, 233 Mo. 391, l. c. 418, 135 S. W. 938, l. c. 944 (1) (2, 3).] If title to this land was held by plaintiff, as trustee for an unincorporated religious society, in violation of law, that question was not an issue in the case. The State, by a proper proceeding, has the authority to settle that question. [See 54 C. J., p. 49, sec. 102.] Certainly appellants could not litigate this matter under their general denial.

Appellants next assert that the judgment of the court, on both counts of the petition, was insufficient, in that all of the defendants were not named therein. The judgment, as originally entered by the clerk, omitted a certain number of the defendants. Plaintiff applied for a *nunc pro tunc* order to have the judgment amended. If the *nunc pro tunc* order, as entered by the trial court, was authorized upon the record, then the judgment is proper. We therefore pass on to the dispute over the *nunc pro tunc* entry. The trial court had before it the pleadings, consisting of plaintiff's petition which named all of the defendants, the answer of all of the appellants in this case, a summons and the sheriff's return thereon, a record of the hearing of the cause, and an entry on the judge's docket which read as follows:

" 'September 9, 1935; Cause having been heretofore fully heard and under advisement, Decree for Plaintiff on Count One (1), Decree for Plaintiff on Count Two (2).' "

The court also had the minute book of the clerk before it, which contained the following entry: "Decree quiet title to plaintiff and writ of possession." That record would be sufficient information for a clerk of the court to enter a judgment for the plaintiff against all of the defendants. If that be true, the record was sufficient upon which to base a *nunc pro tunc* order. See Doerschuk v. Locke, 330 Mo. 819, 51 S. W. (2d) 62, l. c. 64 (5), where this court quoted with approval the following from an earlier case:

560

". . . the record must in some way show, either from the judge's minutes, the clerk's entries, or some paper in the cause, the facts authorizing such entries."

The record, in the case under consideration, was consistent with only one theory, that the court had found in favor of plaintiff against all of the defendants. It was therefore sufficient to support the entry *nunc pro tunc* amending the judgment.

Appellants refer us to oral statements, made by the trial court during the course of the trial, indicating that the court was of the opinion that plaintiff had not proven any damages, and was entitled to a judgment on the issue of ejectment against only a number of the defendants. The court may have been prompted to make these statements because only a part of the defendants were shown to be in possession of the land. However, statements made by a trial court during the course of a trial are not binding. The judgment in this case was not entered until some months after the trial and after a full consideration of the case. That judgment controls over any expression of opinion to the contrary made by the trial judge during the course of the trial.

It seems that appellants, on this appeal, complain much about things that were of no concern to them. By their answer they said in effect: We deny that plaintiff has title to this land, and we, the defendants, appellants here, have no title. In Gilchrist v. Bryant, 213 Mo. 442, 111 S. W. 1128, this court said:

"Furthermore, defendant does not claim title in his answer. By filing a general denial he denied that plaintiff claims title or was the owner in fee simple absolute; but he did not stop with that. Mark, he also denied that he himself had any claim, title, or interest in the land hostile to plaintiff. On such a pleading can defendant be much injured by a judgment in favor of plaintiff?"

· The judgment is affirmed. *Cooley* and *Bohling*, *CC.*, concur.

PER CURIAM:—The foregoing opinion by Westhues, C., is adopted as the opinion of the court. All the judges concur.