Carl D. ERICKSON and Agnes I. Erickson, Respondents,

v.

Walter L. GREUB, Louise Greub and Walter Eugene Greub et al., Appellants.

No. 44991.

Supreme Court of Missouri.

Division No. 2.

March 12, 1956.

Mitchell & Hulse, St. Joseph, Raymond Sears, Savannah, for appellants.

Alden S. Lance, Savannah, for respondents.

BARRETT, Commissioner.

The plaintiffs, Carl D. and Agnes I. Erickson, having the legal title to a portion of a forty-acre tract of land, instituted this action to quiet the title to the entire tract. Three of the defendants, Walter, Louise and Walter Eugene Greub, the owners of an adjoining sixty-acre tract of land, by answer and cross-petition, also claimed title to the forty-acre tract by adverse possession and by accretion and sought to have the title quieted in them. The trial court found all the issues for the plaintiffs, found that they were the owners of the entire tract and that the defendants had no title or interest, either by adverse possession or accretion, and the defendants have appealed from the judgment dismissing their cross-petition and quieting the title in the plaintiffs.

This appeal, involving a case tried before the court without a jury, is reviewable in this court upon both the law and the evidence. Peterson v. Harpst, Mo., 247 S.W.2d 663. This court, however, may not set aside the judgment "unless clearly erroneous" and "due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." V.A. M.S. § 510.310(4). The scope of our review is again noted because the limitations indicated are peculiarly applicable to this record. The resolution of this appeal is, for the most part, a problem in determining what the facts were and that question, upon this record, in many important respects, is dependent upon the credibility of the witnesses and the weight to be given their testimony, a matter, in the circumstances of this case, in which we necessarily defer to the findings of the trial court.

The tract of land involved in this controversy, as well as the adjoining land, now owned by the Greubs, as we understand the record, is all in section three, township fifty-eight, range thirty-six, in Andrew County. Originally the forty-acre tract belonged to "the Cobb estate." We do not know whether this was all of the land in this area belonging to the Cobb estate or how long the Cobbs had owned it, or its

precise area when they did own it. There was once a house on the land and Mr. Worthwine bought the house from "the Cobb heirs" and, presumably, moved it to another location. The trial court found that Lloyd W. Booher and Warner Woolverton, lawyers, purchased the forty acres "at a partition suit sale" on May 6, 1932, however, all that appears from the record is that Booher and Woolverton purchased the land "at a courthouse sale" in the 1930's. In any event, the plaintiffs, Mr. and Mrs. Erickson, for the sum of $200, purchased the land from Booher and Woolverton in November 1949, their deed then calling for 27½ acres. The appellants, the Greubs, do not claim to have purchased or have had a deed to this particular tract, as we understand the record (the deeds are not in the transcript), but in 1947 they purchased and now own sixty acres of land adjoining the forty-acre tract on the west. They subsequently procured deeds from their grantors which purported to convey any land accreted to the sixty acres, which they now claim includes the forty acres in controversy. In connection with the area of the particular tract at various times, how much of it was washed away, the extent and precise point of accretions, the witnesses for all the parties were examined with reference to a chalk-drawn chart or diagram upon the courtroom floor and, of course, that plat is not in the record. An engineer surveyed the tract and made a plat of it and the witnesses were examined with reference to the plat, but the plat was not offered in evidence and so it is indeed difficult, upon this appeal, to say just what land the witnesses say was washed away by the Missouri River or where or what land subsequently accreted.

Nevertheless, the important fact is that originally, sometime when the Cobbs owned it, the land consisted of forty acres and then and now fronted upon and its west boundary line was the Missouri River. Sometime in "the 30's," "around twenty-five years ago," certainly in the early 1930's, the Missouri River started "cutting" and washing away the forty-acre tract.

Several of the witnesses said that the river washed away all of the Cobb land, for example, one witness said, "Finally it all disappeared." But the court found that "one small corner of the Cobb land remained." One witness said that "It left a little corner down here (doubtless referring to the chalk-drawn plat) in the southeast corner, oh, probably big enough to set an automobile on." This same witness said that when Booher and Woolverton bought the land it consisted of ten or fifteen acres and, as noted, that date was May 1932. Another witness, who had said that the entire tract disappeared, testified that when Booher bought it, "There was a few acres down at the southeast corner that stayed until probably as late as '34 or '35—this could have been or must have been along about '31 or '32 when he made the purchase." Mr. Greub said, "Well, it cut back to where the high bank is, *just about as indicated on the map which you have drawn there.*" When asked when the river had cut back to the farthermost point, he said, "Oh, yes, that was in 1933, when they started to work on the river." The appellants and all the witnesses agree that when "the government work" on the river started, the revetment and dikes constructed north of the land in question, accretion began almost immediately. Mr. Greub, in describing it, said, "Well, it—as they drove they started in the high bank with the dikes, and they had rip-rap; they laid it as they went out, and they put rock on this and waited, and it started to fill, as it went out." Some of the witnesses said that a sand bar first formed in the channel of the river, the bar became an island and finally the island was attached to what had been the west bank of the river.

But we are not concerned here with an island and whether the accretion was to the island or to the mainland, as was the case in Dumm v. Cole County, 315 Mo. 568, 287 S.W. 445; Cullen v. Johnson, 325 Mo. 253, 29 S.W.2d 39 and Curry v. Crull, 342 Mo. 553, 116 S.W.2d 125. The parties here agree that the accreted land belongs "to the man who owns the land against which the deposits were

made." Widdecombe v. Chiles, 173 Mo. 195, 73 S.W. 444, 445, 61 L.R.A. 309; Lossing v. Shull, 351 Mo. 342, 173 S.W.2d 1. It was the appellants' claim and theory that the forty-acre tract was submerged or entirely washed away, that the sixty-acre tract then became the river bank and that the accretion, and thereby the title to the accreted land, was to his land and not to the Cobb tract. In so far as accretion is involved that was the issue submitted by the parties, whether the accretion was to land to which the plaintiffs had the legal title or whether it was to the appellants' land. Minton v. Steele, 125 Mo. 181, 28 S.W. 746; Ancona Realty Co. v. Frazier, 328 Mo. 750, 41 S.W.2d 820. Had the court found, as the appellants claim, that the entire forty acres was submerged or washed away, or, if the fact incontrovertibly appeared upon this record, the appellants would be entitled to prevail in this action. Annotations 8 A.L.R. 640; 41 A.L.R. 395; Doebbeling v. Hall, 310 Mo. 204, 216–217, 274 S.W. 1049, 1053–1054, 41 A.L.R. 382. But, as indicated, the court found that some part of the forty-acre tract was not washed away and that the accretion was in fact to the plaintiffs' land and that finding is supported by the record, unsatisfactory as the evidence is and tenuous though the inference may be. Dumm v. Cole County, 315 Mo. loc. cit. 574, 287 S.W. loc. cit. 448; Lossing v. Shull, supra; Curry v. Crull, supra. Under the court's supported finding there was some separation of the appellants' land "from the accumulated alluvion" by the plaintiffs' land, Sweringen v. City of St. Louis, 151 Mo. 348, 52 S.W. 346, consequently, the accretion was not to the land in question and to other adjoining land and there is no claim of apportionment as there was in Doebbeling v. Hall, supra.

The appellants urge that the plaintiffs claim (and, presumably, the proof and judgment) "of ownership by adverse possession does not meet the requirements under the law." But obviously, upon this issue the appellants must recover upon the strength of their own title and not upon the insufficiency of the respondents' title.

Sweringen v. City of St. Louis, 151 Mo. loc. cit. 358, 52 S.W. loc. cit. 350. The trial court found that Booher and Woolverton purchased the property in May 1932 and, as the parties stipulated, that the state and county taxes "for the last 30 years has been paid by either plaintiffs, Mr. and Mrs. Erickson, or Mr. Lloyd Booher and Warner Woolverton, or the Cobb family." The court also found that when the Amazonia Levee District was formed in 1948 this particular piece of property, to the constructive if not actual knowledge of the appellants, was designated as belonging to Booher and Woolverton and they were paid $117 as damages resulting from the construction of the levee. In these circumstances the court found that the plaintiffs and their predecessors in title had been in possession of the land for twenty-two years and that the appellants, during this period of time, if they had any claim to the property, had been guilty of laches. Mr. Greub claimed and testified, beginning in 1929, that he had made some use of the particular tract, had planted a garden on it, built a fence first on the south end and then on the north end, had a bulldozer remove the willow trees and, in general, acted as if he owned the land. The court stated, as to all the issues, that "The evidence in cases like this is never too satisfactory," nevertheless, the court specifically found "that the defendants Greub never asserted any ownership in this real estate until approximately two years ago." That finding, as is the case with all the issues upon this appeal, is dependent, in large measure, upon the credibility of the witnesses and, deferring to the trial court, it is not possible for this court, upon this record, to confidently make another and contrary finding as to this fact issue. Thus this issue as found by the court is supported by the evidence, Ancona Realty Co. v. Frazier, 328 Mo. loc. cit. 759–760, 41 S.W.2d loc. cit. 824; Cullen v. Johnson, supra; Peterson v. Harpst, supra, and, accordingly, the judgment is affirmed.

BOHLING and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

All concur.